**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael CURTIS, a/k/a Frank,
Defendant–Appellant.**

**No. 90–5665.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1991.

Decided April 22, 1991.

John Joseph Cowan, argued, Charleston, W.Va., for defendant-appellant.

John Kirk Brandfass, Asst. U.S. Atty., argued (Michael W. Carey, U.S. Atty., on brief), Charleston, W.Va., for plaintiff-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and ELLIS, District Judge for the Eastern District of Virginia, sitting by designation.

WILKINS, Circuit Judge:

Michael Curtis appeals his convictions of conspiracy to distribute crack cocaine, 21 U.S.C.A. § 846 (West Supp.1991), and possession with the intent to distribute and distribution of crack cocaine, 21 U.S.C.A. § 841(a)(1) (West 1981). He alleges that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that the district court erred in failing to suppress evidence obtained following a warrantless arrest in his home. Curtis also appeals his sentence. Finding no error, we affirm.

I.

In March 1989, as part of an undercover investigation of crack cocaine distribution in the Charleston, West Virginia area, an informant called Curtis and offered to purchase crack cocaine. Curtis dispatched a courier to meet the informant and sell her 1.5 grams of crack cocaine. Approximately one week later, the informant, wearing a

wire transmitter, entered Curtis' residence and bought from him 3.49 grams of crack cocaine. While in Curtis' residence, the informant observed a large quantity of crack cocaine and observed Curtis sell crack cocaine to another individual. Upon leaving the residence, the informant delivered the crack cocaine to Detective Kenneth J. McCracken who had been monitoring the wire transmission. Detective McCracken immediately proceeded to a magistrate's office and obtained a search warrant for Curtis' residence based upon this information. Appellant does not challenge that the warrant was based upon probable cause and was in all other particulars legally sufficient.

While waiting for Detective McCracken to return with the search warrant, officers who remained behind to continue surveillance noticed several individuals leaving Curtis' residence in a vehicle. The officers, fearing that those who left might warn Curtis that he was being watched, entered the residence through the unlocked front door, arrested Curtis and another individual, and conducted a protective sweep to determine if other individuals were located in the residence. During the protective sweep, an officer observed in plain view a large rock of crack cocaine, a razor blade, triple-beam scales, and plastic baggies. When Detective McCracken returned with a search warrant, the officers executed it and seized these items in addition to a revolver found between the mattress and box springs in Curtis' bedroom.

Other officers stopped the vehicle that left Curtis' residence and arrested its occupants. One of the occupants, George Brown, possessed a quantity of crack cocaine. Brown told the officers that he had obtained the crack cocaine from a source other than Curtis, and an officer memorialized Brown's statement in an investigative report.

## II.

■ Curtis argues that the police entry into his home without a warrant was illegal, and that the district court erred in failing to suppress the evidence observed in plain view by the officers as they conducted the protective sweep. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). We need not determine if the entry was lawful on the basis of exigent circumstances because we find that even if this justification was not present, the district court properly refused to suppress the evidence.

■ While Curtis is correct that evidence gained through an unlawful arrest in the home should be excluded from trial when it bears "a sufficiently close relationship to the underlying illegality," *New York v. Harris*, —— U.S. ——, 110 S.Ct. 1640, 1643, 109 L.Ed.2d 13 (1990), evidence otherwise subject to the exclusionary rule may be admitted at trial if an independent source for the discovery of the evidence existed, *see Murray v. United States*, 487 U.S. 533, 537, 108 S.Ct. 2529, 2533, 101 L.Ed.2d 472 (1988); *United States v. McCraw*, 920 F.2d 224, 231 (4th Cir.1990) (Wilkins, J., concurring and dissenting). Evidence that is initially discovered through unlawful means but is later acquired through lawful means independently of the initial unlawful discovery is admissible. *Murray*, 487 U.S. at 537, 108 S.Ct. at 2533.

In *Murray v. United States*, law enforcement officers unlawfully entered a warehouse without a warrant and observed numerous bales, presumably of marihuana, wrapped in burlap. The officers appeared before a magistrate who was not informed that the warehouse had already been entered and obtained a search warrant for the building based solely upon information acquired prior to the entry. *Id.* at 535–36, 108 S.Ct. at 2532–33. Applying the independent source doctrine, the Supreme Court held that evidence seized pursuant to the search warrant issued on the basis of information obtained independently of the unlawful entry was properly admitted at trial, provided the officers would have sought the warrant even if they had not observed the contraband. The Court remanded for the district court to determine whether the officers would have sought the warrant if they had not entered the warehouse, noting that "[t]he ultimate question

... is whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue." *Id.* at 542, 108 S.Ct. at 2535.

As in *Murray*, the warrant authorizing a search of Curtis' residence was issued solely upon information known to the officers before the entry. And, the condition not determined in *Murray* is resolved here: The record clearly demonstrates that a search warrant would have been sought regardless of the entry because Detective McCracken had already departed to obtain a warrant prior to the entry and had no knowledge of the actions of the other officers. Thus, the search pursuant to the warrant was independent of the entry, and the district court did not err in refusing to suppress the evidence seized pursuant to it.

### III.

■ Curtis also claims that he should be granted a new trial because the prosecution violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose an exculpatory memorandum of the interview with Brown. The prosecution alleges that the failure to disclose was inadvertent but does concede that this failure violates *Brady*. However, it maintains that the violation does not mandate that Curtis be granted a new trial because the failure to disclose did not undermine confidence in the verdict. *See United States v. Bagley*, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985). We find that a new trial is not required.

■ Suppression of exculpatory evidence by the government that is material to the outcome of a trial violates the due process clause of the fourteenth amendment. *Brady*, 373 U.S. at 87, 83 S.Ct. at 1196. Evidence is material when "its suppression undermines confidence in the outcome of the trial." *Bagley*, 473 U.S. at 678, 105 S.Ct. at 3381. Or, stated differently, "[t]he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682, 105 S.Ct. at 3383. When assessing the possibility of a different outcome, the reviewing court should consider the totality of the circumstances. *Id.* at 683, 105 S.Ct. at 3384.

Curtis argues that the memorandum was material because his cross-examination of Brown would have been more thorough had he possessed it and because if armed with it, he would have been able to convince the jury that Brown was responsible for the drug sales at Curtis' residence. Curtis relies on *Norris v. Slayton*, 540 F.2d 1241 (4th Cir.1976), in which a memorandum withheld by the prosecution revealed that the victim hesitated in her initial identification of the defendant. In *Norris*, defense counsel did not know of this hesitation prior to trial and, therefore, was not alerted that the victim's identification of the defendant was subject to attack on this basis. *Norris* does not control our disposition because Curtis knew prior to trial that Brown had made a statement exonerating Curtis of any connection with the crack cocaine Brown possessed when he was arrested, and Curtis cross-examined Brown about his prior statement. Also, Brown testified, without contradiction, that immediately following his arrest, he told government agents that Curtis had not supplied him with the crack cocaine then in his possession.

Furthermore, the evidence against Curtis presented through other witnesses was overwhelming and the importance of Brown's testimony was limited. Brown's testimony, although probative of the conspiracy, did not address the specific instances of possession with the intent to distribute and distribution for which Curtis was charged and for which the jury found him guilty. We conclude that there is not a reasonable probability that the outcome of the trial would have changed had the memorandum regarding Brown's interview been disclosed prior to trial. *See Bagley*, 473 U.S. at 678, 105 S.Ct. at 3381.

### IV.

Curtis also alleges the district court erred at sentencing in attributing to him

possession of a pistol found between the mattress and box springs in his bedroom, in including in its guidelines range determinations drugs that were not listed in the presentence report, and in adjusting his base offense level by four for his role in the offense. We have carefully reviewed these contentions and find them to be without merit.

AFFIRMED.