**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5206

DAVID WATSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-94-423-A)

Submitted: May 13, 1997

Decided: June 19, 1997

Before HALL and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale W. Dover, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Dennis M. Kennedy, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Watson, an inmate at the Lorton Reformatory Correctional Complex, was convicted following a jury trial for assaulting a correctional officer while in the performance of his official duties, in violation of D.C. Code Ann. § 22-505(a) (1981). Watson appeals, challenging his conviction on the grounds that his constitutional right to due process was violated because the Government failed to produce Brady,[1] impeachment, and otherwise discoverable materials; that the district court erred in denying his motion for judgment of acquittal; and, that the district court erred by instructing the jury that it had taken judicial notice of venue. Finding no merits to these claim, we affirm Watson's conviction and sentence.

The charge at issue arose from an altercation between Watson and the victim, Officer Kidd, when Officer Kidd attempted to get Watson to submit to a strip search.[2] The altercation ended with Watson striking Officer Kidd, knocking him to the floor and requiring him to seek emergency medical attention. Watson claimed that he acted in self-defense.

Watson asserts that under Brady, he was entitled to disclosure of Officer Kidd's entire personnel file, or at least the negative performance evaluations that he anticipated were included therein. Watson also contends that he was entitled to a more timely disclosure of evidence of an outstanding traffic warrant involving Officer Kidd. Watson argues that the suppression of this allegedly exculpatory evidence violated due process because it was material to the outcome of his trial.

Brady requires the government to disclose material evidence favorable to the defendant. See Brady, 373 U.S. at 87. Evidence is material

_____

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).
[2] Watson had just completed a contact visit with his wife. Pursuant to the policies of the District of Columbia Department of Corrections ("DCDC"), following contact visits, prisoners are required to submit to a strip search before returning to the general prison population.

if there is a reasonable probability that its disclosure would have resulted in a different outcome. See United States v. Bagley, 473 U.S. 667, 682 (1985); United States v. Curtis, 931 F.2d 1011, 1014 (4th Cir. 1991).

Regarding the Government's failure to disclose negative performance evaluations allegedly located in Officer Kidd's personnel file, Watson could not produce any substantiated evidence that such evaluations existed. Further, after Watson learned of the outstanding traffic warrant, the court gave him the opportunity to recall Kidd to the stand. Watson failed to do so. Accordingly, we cannot say that the results of the trial would probably have been different if the Government had disclosed the warrant prior to trial. See Bagley, 473 U.S. at 682. Thus, we find that the Government did not breach its duty to disclose Brady or any other discoverable, exculpatory evidence.

Watson also contends that the district court erred by improperly denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. On appeal, Watson asserts that his motion should have been granted because the Government did not prove that the alleged acts occurred in the District of Columbia, as required by D.C. Code Ann. § 22-505.[3] Watson, however, did not raise this claim before the district court; therefore, we will review for plain error only. See United States v. Olano, 507 U.S. 725, 734 (1993).

In order to satisfy the venue requirement in this case, the Government only need prove that an assault was committed against an officer of any penal or correctional institution of the District of Columbia, regardless of whether such institution was located within the District of Columbia or elsewhere. D.C. Code § 22-505(a) (1981). The record amply reflects that the physical location of the assault was on the grounds of the Lorton Reformatory in Lorton, Virginia. The government's witnesses were all employed by the DCDC as correctional officers at Lorton Reformatory when the assault occurred. Further, we

_____

[3] At trial, Watson sought Rule 29 relief due to alleged factual inconsistencies in the testimony of the Government's witnesses. Because Watson did not raise this claim in his appellate brief, we find that he has abandoned this claim. See Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996).

have held that the Eastern District of Virginia is the proper venue for trials of crimes occurring at Lorton Reformatory. See United States v. Young, 916 F.2d 147, 150 (4th Cir. 1990). We find, therefore, that the Government met its requisite burden of proving venue and that the district court did not plainly err in denying Watson's motion for judgment of acquittal.

Finally, Watson contends that the district court erred by instructing the jury that it had taken judicial notice of venue. Watson claims that the district court's instructions relieved the jury of its duty to find proof of venue and was tantamount to a directed verdict for the Government. Because Watson did not object to the allegedly erroneous instructions or propose alternative instructions at trial, he has waived appellate review of this issue. See United States v. Bryant, 612 F.2d 799, 803 (4th Cir. 1979); Fed. R. Crim. P. 30.

For the foregoing reasons, we hereby affirm Watson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED