UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AVAINE STRONG,
Plaintiff-Appellant,

v.

STATE BOARD FOR TECHNICAL AND
COMPREHENSIVE EDUCATION;
DENMARK TECHNICAL COLLEGE AREA
COMMISSION; FRANKIE KEELS,                            No. 95-3111
Defendants-Appellees,

and

STATE OF SOUTH CAROLINA HUMAN
AFFAIRS COMMISSION; DENMARK
TECHNICAL COLLEGE,
Defendants.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge; Robert S. Carr, Magistrate Judge.
(CA-94-1823-2-18AJ, CA-94-1909-5-18AJ)

Submitted: June 17, 1997

Decided: July 21, 1997

Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Avaine Strong, Appellant Pro Se. Stephen Carrington Mitchell, ELLZEY & BROOKS, L.L.C., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Avaine Strong appeals from a district court judgment issued pursuant to a jury verdict finding in favor of Defendants in this civil action arising out of Strong's former employment with Denmark Technical College (DTC). The district court granted summary judgment to Defendants on various state tort claims, but permitted Strong's claim of sexual harassment during his former employment to proceed to the jury. On appeal, Strong does not challenge the district court's grant of summary judgment, except to the extent that the court disposed of his claim for civil conspiracy. We note that Strong abandons those claims which he does not challenge. See Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996). Moreover, we affirm the district court's grant of summary judgment on the conspiracy claim, because it is clear that Strong's allegations merely incorporate the other allegations of his complaint, and therefore fail to state an independent claim under South Carolina law. See Todd v. South Carolina Farm Mut. Ins. Co., 278 S.E.2d 607, 611 (S.C. 1981).

Strong next raises a host of issues which are inappropriate for appellate review. He challenges the credibility of witnesses who testified at his trial. But questions of witness credibility lie within the exclusive province of the jury. See Murdaugh Volkswagen, Inc. v. First Nat'l Bank, 801 F.2d 719, 725 (4th Cir. 1986). He alleges that defense attorneys obstructed justice by tampering with witnesses. But

2

Strong did not bring this matter to the attention of the district court, and this court will not consider issues raised initially on appeal unless there is plain error which would result in a fundamental miscarriage of justice if left uncorrected. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993); Trandes Corp. v. Guy Atkinson Co., 996 F.2d 655, 665 (4th Cir. 1993). No such circumstances apply in this case. Strong's claim that the district court permitted him insufficient time to call his witnesses at trial also falls under this analysis.

Similarly, a party waives appellate review of a district court's decisions concerning the admission of evidence if he fails to timely object to those rulings at trial. See Fed. R. Evid. 103(a); DiPaola v. Riddle, 581 F.2d 1111, 1113 (4th Cir. 1978). We reject Strong's challenges to allegedly hearsay evidence introduced by the Defendants in this case because Strong failed to preserve those challenges by timely objecting below. We also find that Strong may not seek relief on appeal for any failure of the district court to rule on his pretrial motions, because in such case a party is obligated to press for a ruling if the court does not make one. See United States v. Jackson, 485 F.2d 300, 303 (7th Cir. 1973). Moreover, we find no abuse of discretion in the district court's decision to exclude portions of Strong's evidence. See Benedi v. McNeil-P.P.C., Inc., 66 F.3d 1378, 1383 (4th Cir. 1995) (citing standard of review for evidentiary rulings). The district court properly excluded a cassette tape because Strong failed to authenticate it, and denied admission of certain affidavits and a written statement by Strong because the evidence was hearsay.

Strong also charges that Defendants were uncooperative in providing discovery. If so, Strong could have and should have requested the district court to impose appropriate sanctions pursuant to the procedures provided in Fed. R. Civ. P. 37. He did not avail himself of this remedy.

Strong's remaining contentions on appeal are insufficiently developed and generally fail to clarify how Strong was prejudiced. Because these arguments were not properly preserved and presented for our review, we decline to address them. Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional

3

process. We also deny Strong's motion for an investigation of the conduction of his trial by the grand jury and the FBI.

AFFIRMED

4