**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4541

TOMAS GONZALEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-461-A)

Submitted: June 2, 1998

Decided: July 1, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John C. Kiyonaga, KIYONAGA & KIYONAGA, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James L. Trump, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tomas Gonzalez was convicted by a jury of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 (1994), and four counts of aiding and abetting the possession with intent to distribute approximately seven kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), and 18 U.S.C. § 2 (1994). The court sentenced him to a 235-month prison term and five years of supervised release. On appeal, Gonzalez challenges the district court's denial of his motion to suppress evidence and exclusion of evidence of mental disease or defect. Finding no error, we affirm Gonzalez' conviction.

I.

Gonzalez first claims that the district court erred in denying his motion to suppress evidence. The facts are undisputed. Agents of the Federal Bureau of Investigation arrested Gonzalez at his home pursuant to a warrant, and he told the agents he wanted to speak with his attorney. About ten minutes later, agents asked Gonzalez and his wife if they would consent to a search of their home. Agents also asked Gonzalez if he owned any of the cars parked in front of his home and if he would consent to a search of the vehicles. Gonzalez and his wife signed a form, written in Spanish, reflecting their consent to search their home and cars. In the search, agents seized some documents from Gonzalez' home.

Gonzalez moved to suppress the evidence on the ground that he consented after he invoked his right to counsel and that his consent was not voluntary. The district court denied the motion, finding that consent was voluntary and was not vitiated by Gonzalez' request for counsel. We review legal conclusions in a district court's suppression determination de novo and review factual findings for clear error. See

2

United States v. Johnson, 114 F.3d 435, 439 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5705).

On appeal, relying on Edwards v. Arizona, 451 U.S. 477 (1981), Gonzalez contends that his Fifth Amendment rights were violated when agents asked for consent to search after he invoked his right to counsel and therefore that the fruits of the search should have been suppressed.* In Edwards, the Supreme Court held that "an accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Id. at 484-85. Gonzalez' consent to search, however, is not an interrogation that triggers his previously invoked right to counsel. See United States v. Shlater, 85 F.3d 1251, 1256 (7th Cir. 1996) (citing United States v. Smith, 3 F.3d 1088, 1098 (7th Cir. 1993) (collecting cases adopting rule)). To the extent Gonzalez claims that the agents' questions regarding ownership of the cars violated his Fifth Amendment rights, see Smith, 3 F.3d at 1098, any error was harmless. Although Gonzalez identified the cars as his, the agents seized nothing from them. We therefore find that the district court did not clearly err in denying Gonzalez' motion to suppress evidence.

II.

Gonzalez also asserts that the district court wrongfully excluded evidence of his mental disease or defect because the government was on notice of his intention to introduce such evidence. Rule 12.2 of the Federal Rules of Criminal Procedure requires that a defendant notify the government in writing of any intention to introduce expert testimony relating to a mental disease, defect, or any other mental condition of the defendant bearing upon the issue of guilt and that the notice be given during the time provided for pretrial motions or such later time as the district court directs. See Fed. R. Crim. P. 12.2(b). If a defendant fails to comply with this requirement, "the court may

_____

*Gonzalez apparently has abandoned his assertion that his consent to search was not voluntary because he failed to provide argument in his brief. See Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996) (noting that issues not briefed or argued deemed abandoned).

exclude the testimony of any expert witness offered by the defendant on the issue of the defendant's guilt." Fed. R. Crim. P. 12.2(d). We review the district court's evidentiary ruling for an abuse of discretion. See United States v. Grimmond, 137 F.3d 823, 831 (4th Cir. 1998).

It is undisputed that Gonzalez failed to file the required notice under Rule 12.2(b) by the deadline the court set for the filing of pre-trial motions. In trial exhibits submitted one day before trial, Gonzalez included exhibits referencing his mental condition. The government filed a motion in limine to exclude the exhibits based on Gonzalez' failure to comply with Rule 12.2(b), even after the government in writing three weeks before trial reminded Gonzalez of Rule 12.2(b)'s requirements. The district court granted the government's motion, finding that Gonzalez failed to give proper notice. We find no abuse of discretion in the district court's decision. See id.

III.

Accordingly, we affirm Gonzalez' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4