**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CURTIS F. GIBBS; TILTA GIBBS,
Plaintiffs-Appellants,

v.

SOUTH CAROLINA DEPARTMENT OF
PROBATION, PAROLE,AND PARDON
SERVICES; CAROLE DEMPSEY,
individually and in her official
capacity as probation agent for
South Carolina Department of
Probation; MAURICE MYERS,
individually and in his official
capacity as probation agent for
South Carolina Department of
Probation; RICHLAND COUNTY, SOUTH
CAROLINA; RICHLAND COUNTY

SHERIFF'S DEPARTMENT; ALLEN F.
SLOAN, individually and in his
official capacity as sheriff of
Richland County; UNKNOWN
OFFICERS OF RICHLAND COUNTY
SHERIFFS DEPARTMENT; JAMES A.
MCCAULLEY, individually and in his
official capacity as Jailer of
Richland County Detention Center;
SOUTH CAROLINA DEPARTMENT OF
CORRECTIONS; MICHAEL W. MOORE,
individually and in his official
capacity as Director of South
Carolina Department of Corrections;
JOHN NORRIS, individually and in his
official capacity as Chief Records

No. 97-7741

Officer of South Carolina
Department of Corrections; C. J.
CEPAK, Warden, individually and in
her official capacity as Warden of
Broad River Correctional Institute;
DOUGLAS TAYLOR, individually and
in his official capacity as Warden of          No. 97-7741
Ridgeland Correctional Institute;
WILLIE EAGLETON, individually and
in his official capacity as Associate
Warden of Ridgeland Correctional
Institute,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CA-96-2465-9-08)

Submitted: November 30, 1998

Decided: January 12, 1999

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel R. Denton, Beaufort, South Carolina, for Appellants. Carl N.
Lundberg, Chief Legal Counsel, SOUTH CAROLINA DEPART-
MENT OF PROBATION, PAROLE AND PARDON SERVICES,
Columbia, South Carolina; William H. Davidson, II, Andrew Linde-

mann, DAVIDSON, MORRISON & LINDEMANN, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Curtis F. Gibbs appeals from the district court's order dismissing without prejudice Gibbs' 42 U.S.C.A. § 1983 (West Supp. 1998) complaint, alleging violations of his Fourth Amendment right to be free from unreasonable seizure and imprisonment and Fourteenth Amendment right to procedural due process.[1] Gibbs alleged that he was wrongfully incarcerated pursuant to revocation orders for a 1984 conviction and a 1994 conviction. Finding no error, we affirm.

On February 8, 1984, Gibbs was convicted in Beaufort County, South Carolina, of meter tampering ("meter case") and sentenced to six months incarceration, the imposition of which was suspended upon the completion of one year probation. On June 28, 1984, a warrant was issued for Gibbs' alleged violation of probation in the meter case; however, Gibbs was not served with the warrant. On March 27, 1985, without being afforded notice of the revocation hearing, Gibbs' probation was revoked in his absence.

_____

[1] In the district court, Gibbs also alleged that his First, Sixth, and Eighth Amendment rights were violated, and he asserted claims under the South Carolina Constitution and South Carolina Tort Claims Act. Gibbs, however, has abandoned these claims on appeal because he failed to present argument on these issues in his appellate brief. See Tucker v. Waddell, 83 F.3d 688, 690 n.1. (4th Cir. 1996) (noting that issues not briefed or argued are deemed abandoned). Gibbs' wife, Tilta Gibbs, was a party below, but she is not participating in the appeal. (Appellant's br., at 1, n.1).

3

On March 30, 1994, Gibbs was convicted of failing to return a rented vehicle ("vehicle case") and sentenced to five years incarceration, the imposition of which was suspended upon completion of three years probation. On September 9, 1994, a warrant was issued for Gibbs' alleged violation of probation in the vehicle case. On November 8, 1995, Gibbs was arrested for issuing fraudulent checks. While in jail for the check offense, Gibbs was served with the warrant charging the probation violation in the vehicle case. Gibbs received discharge orders on the check charges on December 11, 15, and 24, 1995.

Gibbs was transported to the Richland County Detention Center ("RCDC") and confined pursuant to the probation violation warrant issued in the vehicle case. On December 28, 1995, a bond hearing for the revocation of probation in the vehicle case was held. Gibbs, however, was unable to satisfy bond and was returned to RCDC. On January 2, 1996, a copy of the March 27, 1985, probation revocation order in the meter case was faxed to RCDC. Gibbs was subsequently transferred to the South Carolina Department of Corrections ("SCDC") pursuant to the meter case revocation order.

On February 23, 1996, a probation revocation hearing was held in the vehicle case and Gibbs' probation in that case was revoked. Gibbs was sentenced to time served since November 8, 1995. At the hearing, the probation officer also informed the court of the revocation order in the meter case. The court refused to rule on the meter case revocation order and Gibbs was returned to SCDC.

On March 12, 1996, while at SCDC, Gibbs was served with the June 28, 1984, probation violation warrant in the meter case. Approximately two hours later, Gibbs received a copy of an order dated March 12, 1996, affirming, without a hearing, the March 27, 1985, revocation order. Gibbs was sentenced to time served and released that day.

The district court dismissed Gibbs' federal claims without prejudice, finding that the claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisock, 520 U.S. 641, 65 U.S.L.W. 4359 (U.S. May 19, 1997) (No. 95-1352). **2** The district

_____

**2** The court declined to consider the pendent state law claims.

4

court found that a favorable determination on the merits of Gibbs' claims would imply the invalidity of the probation revocation orders, and because Gibbs has not shown that the revocation orders were reversed, expunged, or invalidated, Gibbs' claims were not cognizable under § 1983. The district court found that Gibbs' contention that his claims in the meter case were not barred because the probation revocation order was null and void to be unavailing. The court reasoned that a determination that the meter case revocation orders were null and void would implicate the validity of Gibbs' subsequent imprisonment. The court further found that a successful challenge to the meter case revocation order for a violation of procedural due process would necessarily imply that the punishment imposed was invalid. The court reasoned that if Gibbs could establish that he was not afforded the process he was due in the revocation proceedings, the revocation orders would be null and void and any imprisonment would have been wrongful.

We review the district court's award of summary judgment de novo. See Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). We view all facts and inferences in the light most favorable to the non-moving party. See Nguyen v. CNA Corp., 44 F.3d 234, 37 (4th Cir. 1995). In the present case, we find that the district court properly granted the Defendants' motion.

A prisoner may not recover damages under § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. The preclusive rule of Heck has been extended to § 1983 claims challenging procedural deficiencies which "necessarily imply the invalidity of the judgment." Edwards, 65 U.S.L.W. at 4361; see McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (holding action challenging validity of parole proceedings calls into question fact of confinement and thus must satisfy Heck element). Further, the preclusive effect of Heck is applicable even if the plaintiff is no longer in cus-

5

tody. See Heck, 512 U.S. at 490 n.10 ("The principle barring collateral attacks--a longstanding and deeply rooted feature of both the common law and our own jurisprudence--is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.") (dictum); see also Anderson v. County of Montgomery, 111 F.3d 494, 499 (7th Cir. 1997) (finding that the Heck bar applies even if prisoner is no longer in custody), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3193 (U.S. Nov. 3, 1997) (No. 97422); Schilling v. White, 58 F.2d 1081 (6th Cir. 1995) (applying Heck and noting that in common law tort liability, proof of the illegality of a conviction is a necessary element of the § 1983 cause of action, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).

After reviewing the parties' briefs and the applicable law, we conclude that the district court properly granted summary judgment to the Defendants and dismissed Gibbs' claims without prejudice because Gibbs' claims are precluded by Heck. We therefore affirm on the reasoning set forth in the district court's opinion. See Gibbs v. South Carolina Dep't of Probation, Parole, & Pardon Servs. , No. CA-96-2465-9-08 (D.S.C. Oct. 14, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6