**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN B. MUMFORD, d/b/a The
Washington Group,
<u>Plaintiff-Appellant,</u>

v.

TRIDENT IA INVESTMENT POOL;
TRIDENT II INVESTMENT POOL;
TRIDENT INVESTMENT AND
MANAGEMENT, INCORPORATED;
TRIDENT INVESTMENT LTD.; ANTON
SCHRAFL; MICHAEL SCHMIDT; MARTIN
KNECHTLI; FRANCIS LANG; ALBERT                    No. 98-1686
PIESSEVAUX; FELIX GAEHWILER,
<u>Defendants-Appellees,</u>

and

THE FOUNDERS COURT-CAYMAN
ISLAND FUND; THE FOUNDERS COURT-
USA FUND; PETER WIRSTROM;
NIXON B. HARE; BROWN SHIPLEY &
COMPANY, LIMITED; FOUNDERS COURT,
INCORPORATED,
<u>Defendants.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CA-94-663-2)

Submitted: March 2, 1999

Decided: March 29, 1999

Before WIDENER and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Palmer Freeman, Jr., SUGGS & KELLY, LAWYERS, P.A., Columbia, South Carolina, for Appellant. Mack Sperling, Kearns Davis, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John B. Mumford appeals the district court's order granting the motion to dismiss filed by Trident Investment and Management Limited, Trident Investments Limited, and Anton Schrafl (the "Trident Defendants") under Fed. R. Civ. P. 12(b)(6), and dismissing his civil diversity action alleging claims of breach of contract, guaranty, promissory estoppel, quantum meruit, fraud, unfair and deceptive trade practices, and third-party beneficiary. Mumford also appeals the district court's order dismissing his claims against Michael Schmidt, Martin Knechtli, Francis Lang, Albert Piessevaux, and Felix Gaehwiler for failure to timely serve the complaint under Fed. R. Civ. P. 4(m). We affirm.

Mumford essentially claims on appeal that had he been allowed to conduct discovery, he may have been able to prove his claims against the Trident Defendants. The argument in his appellate brief, however, fails to challenge specifically the basis for the district court's findings with regard to his claims of breach of contract, guaranty, promissory estoppel, quantum meruit, and fraud. Consequently, we deem these issues waived. See Fed. R. App. P. 28(a)(6) (stating that "argument

2

must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on"); Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996) (failing to present argument in appellate brief waives appellate review). Likewise, we decline to review Mumford's claim that he was a third-party beneficiary because he failed to raise the issue in his appellate brief. See Tucker, 83 F.3d at 690 n.1.

With regard to his claim of unfair and deceptive trade practices and the dismissal of the unserved Defendants under Rule 4(m), we have reviewed the district court's orders, the briefs, and the joint appendix and find no reversible error or abuse of discretion. Accordingly, we affirm the denial of relief on the reasoning of the district court. See Mumford v. Trident IA Investment Pool, No. CA-94-663-2 (M.D.N.C. Mar. 31, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3