**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

HOWARD C. GOODE,

　　　　　*Defendant-Appellant.*

No. 00-4400

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-334)

Submitted: November 9, 2000

Decided: December 18, 2000

Before WILKINSON, Chief Judge, and WIDENER and
MOTZ, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

**COUNSEL**

Steven D. Goodwin, GOODWIN, SUTTON & DUVAL, Richmond,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, John
C. McDougal, Special Assistant United States Attorney, Richmond,
Virginia, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

After a jury trial, Howard C. Goode, a certified public accountant who prepared tax returns for individuals and corporations, was found guilty of four counts of willfully failing to file income tax returns for the years 1992, 1993, 1994, and 1995, in violation of 26 U.S.C. § 7203 (1994). On appeal, Goode challenges the district court's impartiality, and the court's rulings refusing to allow Goode to introduce evidence of the effect of certain case law on his state of mind, not granting Goode's instruction regarding "willfulness," and granting, over objection, instructions seven and nine. Goode also contends that the evidence was insufficient to support his conviction. We affirm.

Our review of the trial transcript shows that the district court's interruptions of Goode's testimony were to rule on the relevancy of certain evidence, to cut off lengthy nonresponsive answers, and to avoid repetitive testimony. There was no abuse of discretion by the district court in exerting a reasonable amount of control over the conduct of the trial and the "presentation of evidence in order to ensure the effective determination of the truth, [and] to avoid needless waste of time in the presentation of a case." *United States v. Castner*, 50 F.3d 1267, 1272 (4th Cir. 1995) (quoting Fed. R. Evid. 611(a)).

Goode also asserts that the district court was biased, based on statements concerning tax protestors. However, these comments were made outside the presence of the jury and could not have influenced the verdict. Goode's last challenge to the court's impartiality addresses the court's reference to Goode's exhibits as "not the law." We find that such reference in a limiting instruction was appropriate to inform the jury that the exhibits were admitted only for the purpose of showing Goode's state of mind and that the contents of the exhibits did not provide the law applicable to this case. We find no plain error in this statement. *See Castner*, 50 F.3d at 1277.

Next, Goode challenges the district court's decision to exclude, as irrelevant, Goode's testimony about the effect of *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429 (1895),* on his understanding of the income tax system. The court initially ruled that the *Pollock* case was irrelevant and refused to allow Goode to read from the case. However, the case and several others were admitted as exhibits and Goode was able to describe his understanding of direct and indirect taxes, the *Pollock* case, and the other cases and how they shaped his belief that he did not have to file a tax return. We find that Goode has failed to show that his substantial rights were adversely affected by any plain error in the court's ruling. *See United States v. Brewer*, 1 F.3d 1430, 1434-35 (4th Cir. 1993).

Goode also contends that the district court erred in refusing to give his proposed instruction regarding "willfulness." Because the instructions given were substantially similar to the requested instructions, we find no abuse of discretion. *See United States v. Patterson*, 150 F.3d 382, 388 (4th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999); *United States v. Whittington*, 26 F.3d 456, 462 (4th Cir. 1994) (providing standard).

Goode argues that the district court erred in instructing the jury that Goode's claims that he is not a person subject to federal income taxes, that the tax laws do not extend to residents of Virginia, and that income from a business need not be reported on a federal income tax return are not valid as a matter of law. He contends that there was no evidence at trial that he asserted any of these arguments. Our review of the transcript shows that this instruction was supported by the evidence. Accordingly, there was no abuse of discretion by the district court in giving the challenged instruction. *See Whittington*, 26 F.3d at 462.

Goode also asserts a challenge to jury instruction number nine. However, because Goode failed to specify the error he alleges in this instruction, he has waived appellate review of this instruction. *See Tucker v. Waddell*, 83 F.3d 688, 690 n.1 (4th Cir. 1996) (failing to present argument in appellate brief waives appellate review); *11126*

---

*\*Pollock* predated the Sixteenth Amendment and was expressly overruled by *South Carolina v. Baker*, 485 U.S. 505 (1988).

*Baltimore Blvd., Inc. v. Prince George's County*, 58 F.3d 988, 993 n.7 (4th Cir. 1995).

Lastly, Goode contends that the evidence was insufficient to support his conviction. The evidence, viewed in the light most favorable to the government, *see Glasser v. United States*, 315 U.S. 60, 80 (1942), was that Goode earned $85,000 to $125,000 per year from 1992 to 1995. Despite having filed returns for many years prior to 1992, in that year Goode decided not to file. Because he had filed for a number of years and because he was a CPA, familiar with the filing requirements, we find that the evidence was sufficient to prove a known duty to file and the failure to file. *See* 26 U.S.C. § 7203; *United States v. Foster*, 789 F.2d 457, 460 (7th Cir. 1986). The remaining element is that the failure to file was willful. Goode was a CPA, who earned his living by preparing tax returns for others. Although he asserted that his research led him to a good faith belief that he did not need to file, Goode did not share this conclusion with his clients. Also, Goode led the purchaser of his CPA practice to believe that he had filed returns, when he knew he had not. Based on this evidence, we find that there was sufficient evidence from which the jury could find that Goode's failure to file was willful.

In conclusion, we affirm Goode's convictions.

*AFFIRMED*