**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                      No. 00-4124

MICHAEL TAYLOR,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-99-13)

Submitted: January 18, 2001

Decided: January 26, 2001

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James E. Gronquist, NIXON, PARK & GRONQUIST, P.L.L.C.,
Charlotte, North Carolina, for Appellant. Mark T. Calloway, United
States Attorney, Brian Lee Whisler, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael Taylor appeals his convictions for assault with intent to commit murder, 18 U.S.C.A. §§ 113(a)(1), 1153 (West 2000); assault with a dangerous weapon with intent to do bodily harm, 18 U.S.C.A. §§ 113(a)(3), 1153; assault resulting in serious bodily injury, 18 U.S.C.A. §§ 113(a)(6), 1153; use and carry of a firearm during and in relation to a crime of violence, 18 U.S.C.A. § 924(c)(1), (c)(3) (West 2000); and possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000). He also challenges his life sentence. Finding no error, we affirm Taylor's convictions and sentence.

The first issue Taylor asserts on appeal is that, under unspecified treaties, the district court did not have jurisdiction over the offenses occurring within an Indian Reservation. However, because Taylor failed to elaborate on this issue or present an argument on this claim, he has waived appellate review of this issue. *See Tucker v. Waddell*, 83 F.3d 688, 690 n.1 (4th Cir. 1996) (failing to present argument in appellate brief waives appellate review); *11126 Baltimore Blvd., Inc. v. Prince George's County*, 58 F.3d 988, 993 n.7 (4th Cir. 1995). Moreover, counsel concedes that jurisdiction of the federal court was stipulated, and therefore, absent a challenge to the validity of the stipulation, this argument is waived on appeal. *See United States v. Muse*, 83 F.3d 672, 678-79 (4th Cir. 1996); *United States v. Reedy*, 990 F.2d 167, 169 (4th Cir. 1993).

Taylor next contends that trial counsel was ineffective for failing to call witnesses on his behalf and failing to file objections to the presentence report. We find, however, that these claims are more properly raised in the district court in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000), because the record before the court does not conclusively demonstrate that counsel rendered ineffective assistance. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

The last issue raised by Taylor is that the district court erred in imposing a life sentence on the charge of using and carrying a firearm during and in relation to a crime of violence. Contrary to Taylor's contention, because the statute provides a minimum sentence, but not a maximum, the maximum sentence is life imprisonment. *See United States v. Presley*, 52 F.3d 64, 70 (4th Cir. 1995); *United States v. Blannon*, 836 F.2d 843, 845 (4th Cir. 1988). Because the sentence imposed was not greater than the statutory maximum, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not implicated.

Accordingly, we affirm Taylor's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*