**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

SHERWIN TURNER,

　　　　*Plaintiff-Appellant,*

v.

RICHARD DANZIG, SECRETARY OF THE
NAVY,

　　　　*Defendant-Appellee.*

No. 00-2255

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-99-1201-2)

Submitted: April 6, 2001

Decided: May 8, 2001

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William P. Robinson, Jr., ROBINSON, NEELEY & ANDERSON,
Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Anita K. Henry, Assistant United States Attorney, Norfolk, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Sherwin Turner appeals the district court's order granting summary judgment in favor of Defendant in this employment discrimination action. We affirm.

Turner, an African-American, worked for NEXCOM, the Navy Exchange Service Command, and for NEXCEN, a regional office of the Navy Exchange Service Command, from October 1990 through his termination in September 1997. On October 28, 1996, NEXCOM suspended Turner from work without pay for five days for disciplinary problems. Turner never returned to work and was on disability status from approximately October 30, 1996, through September 1997. NEXCOM terminated Turner's employment in September 1997, citing his failure to comply with NEXCOM's policies and procedures, use of disrespectful language, failure to attend scheduled meetings, and poor work performance.

Turner sued Richard Danzig, Secretary, Department of the Navy, alleging racial and sexual discrimination and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000), discrimination on the basis of disability in violation of the Rehabilitation Act, 29 U.S.C.A. §§ 791, 794, 794a (West 1999), violation of the Equal Pay Act, 29 U.S.C.A. § 206 (West 1998), intentional and negligent infliction of emotional distress, and breach of contract.

Danzig filed a Motion for Summary Judgment, which the district court granted. Turner timely appealed, contending that the facts set forth by him in the district court proceedings raise material issues of fact precluding summary judgment as to his claim of racial discrimination.*

---

*Turner has not challenged on appeal the district court's dismissal of his claims of sexual and disability discrimination, retaliation, negligent

We review de novo the district court's granting of summary judgment. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In determining whether summary judgment is appropriate, this court views the facts in the light most favorable to the non-moving party. *Id.* at 255.

To set forth a prima facie case of racial discrimination, Turner must prove by a preponderance of the evidence that: (1) he is a member of a protected class; (2) he was qualified for his job and was performing it to Defendant's legitimate expectations; (3) in spite of his qualifications and performance, he was fired; and (4) the position remained open to similarly situated qualified applicants after his dismissal. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989). Once Turner established a prima facie case, the Defendant then had the burden to advance a legitimate, non-discriminatory reason for the discharge. *See McDonnell Douglas Corp.*, 411 U.S. at 804; *Williams*, 871 F.2d at 455-56. Once the Defendant advanced a legitimate, non-discriminatory reason for the discharge, the burden then shifted to Turner to present evidence that the stated reasons are pretextual. *Williams*, 871 F.2d at 455-56.

The Defendant presented evidence of legitimate, non-discriminatory reasons for terminating Turner. Because Turner failed to produce any evidence to show these proffered reasons for his discharge were pretextual or motivated by discriminatory animus as required by *McDonnell Douglas*, his claim fails. *See Williams*, 871 F.2d at 457. Thus, we find the district court properly granted summary judgment to the Defendant on Turner's claim of racial discrimination.

and intentional infliction of emotional distress, breach of contract, and violation of the Equal Pay Act. Accordingly, he has waived appellate review of these claims. *Tucker v. Waddell*, 83 F.3d 688, 690 n.1 (4th Cir. 1996).

We affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*