**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1713**

JENNIFER A. ADKINS,

                                   Plaintiff - Appellant,

        versus

COVENTRY HEALTH CARE, INCORPORATED, a Delaware
Corporation;   SOUTHERN   HEALTH   SERVICES,
INCORPORATED, a Virginia Corporation,

                                   Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.  (CA-04-825)

Submitted:  January 25, 2006          Decided:  March 1, 2006

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Thorsen, THORSEN & SCHER, L.L.P., Richmond, Virginia, for
Appellant.   Vernon E. Inge, Jr., Charles G. Meyer, III, Joan C.
McKenna, LECLAIR RYAN, P.C., Richmond, Virginia for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jennifer A. Adkins appeals the district court's order granting summary judgment in favor of Coventry Health Care, Inc. and Southern Health Services, Inc. (collectively "Coventry") in her civil action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. Having reviewed the record and found no reversible error, we affirm.

Adkins's complaint alleged "harassing, discriminatory and retaliatory employment actions taken against her because of her sex, female, and assert[ed] common law state claims for breach of contract and/or quantum meruit."[1] Joint Appendix 145. Adkins claims that she was sexually stereotyped and discriminated against because she was a strong, forthright female in a male-dominated senior management culture. According to Adkins, these impermissibly gender-based motives led Coventry to eliminate her position and assign her primary job responsibilities to two male employees.

Because Adkins did not present direct evidence of discrimination, the district court properly found that she must establish a prima facie case of discrimination by satisfying the

---

[1]The district court dismissed the breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and granted summary judgment to Coventry as to the quantum meruit claim. Adkins challenges neither ruling in her brief on appeal. Therefore, we deem those issues to be waived. See Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996) (failing to present argument in appellate brief waives appellate review).

four-prong, indirect proof scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  To do so, Adkins must show that (I) she is a member of a protected class; (ii) she suffered an adverse employment action; (iii) at the time of the adverse employment action, she was performing at a level that met Coventry's legitimate job expectations; and (iv) her position remained open or was filled by a similarly qualified individual outside of the protected class.  See Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315 (4th Cir. 1993).

We are persuaded by the district court's analysis that Adkins failed to satisfy either the third or the fourth prong of the indirect proof scheme.  Although the evaluations of Adkins's work, particularly during her rise to an executive position, were generally positive, it is undisputed that they referenced poor leadership and management skills, which became increasingly significant as she assumed supervisory responsibilities.  Further, Adkins acknowledges that the responsibilities of her position, when eliminated, were divided among one male and two female employees.[2] Therefore, Adkins is unable to establish that she was replaced by an individual outside of her protected class.  She also fails to establish that proof of the fourth prong is unnecessary in the

---

[2]Although the two female employees who inherited some of her responsibilities report to a male employee, this fact does not establish that Adkins was replaced by a male employee.  Adkins also reported to a male employee when she held those responsibilities.

present case. <u>See</u> <u>Brown v. McLean</u>, 159 F.3d 898, 905 (4th Cir. 1998) (identifying exceptions to the need to establish the fourth prong).

Finally, even if Adkins had established a prima facie case, she failed to proffer evidence beyond bare allegations of sexual stereotyping in a male-dominated culture that Coventry's reason for eliminating her position was a pretext for discrimination.

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.