Affirmed in part-and reversed and remanded in part by unpublished PER CURIAM opinion. Judge GREGORY . wrote an opinion concurring in part and dissenting in part.'
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
Cory Hall appeals the district court’s order dismissing his Amended Complaint for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, we affirm in part and reverse in part.
I.
In his Amended Complaint against the City of Newport News (the “City”) and the City’s Police Department (the “Depart *261 ment”), Hall alleges the following facts, which we accept as true for purposes of this opinion. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Hall was a police officer with the Department. In November 2006, Hall was fired after the Chief of Police sustained the following disciplinary charges against him: improper procedure, untruthfulness during the course of an investigation, excessive use of force, and improper or unlawful arrest.
Hall appealed his discharge to the City’s grievance panel. The panel conducted a hearing and issued a decision dismissing three of the four disciplinary charges against Hall and reducing the charge of untruthfulness during the course of an investigation to negligent record-keeping. In addition, the panel directed Hall’s reinstatement as a police officer.
Thereafter, the City exercised its right to remand the decision to the panel for reconsideration. Although the panel affirmed its previous decision, the Department did not reinstate Hall. Hall then brought an action in state court seeking implementation of the panel decision. Although that court directed the Department to reinstate Hall, the Department still refused. Thereafter, Hall filed a motion with the state court to compel his reinstatement. After a hearing on that motion, the Department finally reinstated Hall in December 2008.
When Hall returned to work, the Department assigned him to a civilian position in the Records Bureau and stripped him of his law enforcement powers and status as a police officer. Additionally, the City and Department records still contain the original disciplinary charges against Hall. These records do not reflect that the grievance panel dismissed three of the four disciplinary charges and reduced the fourth.
II.
In response to both the delay and the terms of his reinstatement, Hall brought this action pursuant to 42 U.S.C. § 1983, alleging three due process violations: (1) a violation of his procedural due process right to have a hearing at a meaningful time; (2) a deprivation of his liberty interest in his reputation and occupation without due process of law; and (3) a deprivation of his property interest in his position as a police officer without due process of law. The defendants moved to dismiss Hall’s claims pursuant to Rule 12(b)(6) for failure to state a claim. The district court granted the motion and dismissed Hall’s case on all counts.[1]
We review de novo an order dismissing a claim under Rule 12(b)(6). See Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir.2003). To survive a Rule 12(b)(6) motion, a plaintiff must allege enough facts “to raise a right to relief above the speculative level” and must'provide “enough facts to state a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
A.
In Count I, Hall alleges that the delay in his reinstatement constitutes a deprivation of property without due process of law pursuant to Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547, 105 *262 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (“At some point, a delay in the post-termination hearing would become a constitutional violation”)- The district court found that Hall had not satisfied the Loudermill standard for an unconstitutional delay because, other than the delay itself, he alleged no facts suggesting that the delay was “unreasonably prolonged.” Additionally, the court found that a significant portion of the alleged delay was attributable to either standard procedural delays or to Hall’s failure to file the suit to enforce the grievance panel decision at an earlier time. After having the benefit of oral argument and carefully reviewing the briefs, record, and controlling legal authorities, we find no reversible error in the district court’s disposition of this issue. Accordingly, we affirm the dismissal of Count I based substantially on the reasoning of the district court. See J.A. 136-142 (opinion granting Defendants’ Motion to Dismiss).[2]
B.
In Count II, Hall alleges that his personnel records continue to contain the original disciplinary charges against him despite the grievance panel decision dismissing three and reducing one of those four charges. Therefore, Hall claims that the defendants violated his liberty interest in his reputation and occupation by maintaining inaccurate personnel records on these charges. “To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false.” Sciolino v. City of Newport News, Va., 480 F.3d 642, 646 (4th Cir.2007).
The district court found that Hall pled facts sufficient to support all but the third Sciolino element. As the defendants have not challenged the district court’s findings as to the other three elements, the only issue on appeal is whether Hall has satisfied that Sciolino element — which is “a public employer’s stigmatizing remarks must be made in the course of a discharge or significant demotion.” Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 309 (4th Cir.2006)(internal citations omitted). In Ridpath, we adopted the following definition of significant demotion: “[A]n offer of a job far beneath the one he had, where being so demoted is to be as effectively excluded from one’s trade or calling as by being thrown out on the street.” Id. at 314 (finding the compliance director’s reassignment outside the athletics department “was a significant demotion to a position outside his chosen field, rendering it tantamount to an outright discharge”).
Hall alleges that although he has been reinstated as a Department employee, he has a civilian position and is no longer a “certified law-enforcement officer” with the police power to make stops, issue summons and warrants, and make *263 arrests. Am. Compl. ¶¶ 38, 43. Accordingly, Hall alleges that the Defendants have made him “something other that [sic] a police officer.” Am. Compl. ¶ 38. Therefore, taking these allegations as true, Hall’s reinstated position within the Department effectively excludes him from his trade or calling as a police officer. Because this is sufficient under Ridpath to qualify as a significant demotion, Hall has properly alleged a deprivation of his liberty interest in his reputation and occupation.
III.
For the foregoing reasons, we affirm the dismissal of Count I and reverse the dismissal of Count II. Accordingly, we remand this case to the district court for proceedings consistent with this opinion.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

. Hall's Amended Complaint lists three causes of action. However, on appeal, Hall has only challenged the district court’s dismissal of Counts I and II. Therefore. Hall has abandoned any challenge as to the dismissal of Count III. See Tucker v. Waddell, 83 F.3d 688, 690 n. 1 (4th Cir.1996).

. The dissent believes the City committed a constitutional violation by delaying its compliance with the grievance panel’s decision. To the extent a post-hearing delay could give rise to actionable conduct, that situation does not exist here. First, the decision of the panel is not self-enforcing. See Newport News, Virginia, Code of Ordinances § 2-186(b)(5)(g) (“If either party refuses to implement a panel decision, the other party may petition the Circuit Court of Newport News to enforce the decision.”). When a party decides not to abide by a panel decision, the law provides for a state court enforcement action. See Va.Code Ann. § 15.2-1507(A)(11). Second, Hall could have eliminated much, if not all, of any unreasonable delay by simply initiating his state court enforcement action sooner. At oral argument, Hall admitted a more timely course of action was available to him.