**Dr. Lih Y. YOUNG**

v.

**Hon. Otis R. BOWEN, etc.**

**Civ. No. B–88–768.**

United States District Court, D. Maryland.

March 6, 1989.

Robert B. Fitzpatrick and Mark D. Laponsky, Fitzpatrick, Verstegen & Cashdan, Washington, D.C., for plaintiff.

Peter M. Semel, U.S. Atty., Baltimore, Md. and Linda A. Ruiz, Office of Gen. Counsel Dept. of Health and Human Services, Washington, D.C., for defendants.

## MEMORANDUM

WALTER E. BLACK, Jr., District Judge.

Pending before the Court is plaintiff's motion to remand for administrative processing and petition for writ of mandamus in this employment discrimination case.

Plaintiff, Dr. Lih Y. Young, alleges that her former employer, the Department of Health and Human Services (hereinafter "the Department"), discriminated against her on the basis of her national origin—Chinese. Specifically, plaintiff contends that her supervisor, Dr. Rosanna Coffey, engaged in an uninterrupted pattern of discriminatory harassment. This alleged harassment included Coffey's assessment of plaintiff's performance, continual performance monitoring and counseling, denial of a within-grade increase, plaintiff's performance appraisal for 1983, and the imposition of performance standards for 1984. Plaintiff also alleges that Dr. Coffey threw a pen or pencil at plaintiff during a meeting on January 19, 1984, at which they were to discuss Coffey's evaluation of plaintiff's 1983 performance and plaintiff's 1984 performance standards.

Plaintiff contacted an Equal Employment Opportunity (hereinafter "EEO") Counselor on January 27, 1984. At the conclusion of EEO counseling, plaintiff filed a formal administrative complaint of discrimination on March 20, 1984. The complaint referred to Coffey's violent behavior at the January 19th meeting, Coffey's frequent harassment of plaintiff, the denial of the within-grade salary increase, the 1983 performance evaluation received by plaintiff, and Coffey's irrational and manipulative conduct toward plaintiff. On April 13, 1984, the Department requested additional information to clarify the complaint and referred plaintiff back to an EEO counselor. Plaintiff complied with the request for information on April 26, 1984, detailing the bases for her complaint.

On October 16, 1984, the Department accepted for investigation the January 19th meeting incident. On October 25, 1984, the Department rejected the issue of the within-grade increase denial as untimely. The Department did not address the other matters raised by the complaint. Incredibly, more than four years later, the Department has not completed its investigation of the incident that took place at the January 19th meeting. Plaintiff appealed the rejection of the grade increase matter and the Department's failure to address the other issues she raised to the Equal Employment Opportunity Commission (hereinafter "EEOC"). The EEOC affirmed the Department's decision to reject the grade increase claim and also failed to address the matters that the Department failed to address. This suit followed.

Plaintiff in this motion requests a remand to the Department for full administrative processing and investigation of her complaint. The appropriate administrative process involved in federal employment discrimination complaints is set out in 29 C.F.R. Part 1613. These regulations require federal agencies to review complaints by employees and accept or reject for investigation any matters raised by the complaint. *See* 29 C.F.R. §§ 1613.214–216. The regulations set out the only reasons for which a complaint may be rejected. 29 C.F.R. § 1613.215. The agency involved must decide whether to reject or accept the matters raised in the complaint; "[w]here, as here, the complainant's allegations are discernible, the agency must attend to those allegations." *Anthony v. Bowen*, No. 86–5473,

slip op. at 3 (D.C.Cir. March 5, 1987) [812 F.2d 13 (table)]. An agency may not merely ignore allegations, as the Department did in this case. In failing to process properly all of the plaintiff's complaint, the Department acted in abuse of its authority.

If the matters raised by the complaint do not fit into one of the categories requiring rejection, the Department must investigate them. A portion of this case will be remanded so that the agency can properly consider whether to accept or reject those matters raised by the plaintiff's first complaint which the Department did not already address. The Department is reminded that it should construe administrative complaints liberally. *Anthony,* slip op. at 2. If the agency finds it must reject the previously unaddressed issues, the agency should put its reasons for doing so on the record.

█ The matter raised in the plaintiff's administrative complaint concerning the denial of a within-grade salary increase has been processed by the Department and the EEOC. This Court finds that the Department's decision to reject the grade increase claim as untimely was erroneous and should be reversed. Accordingly, remand is appropriate with respect to the salary issue as well.

█ The Department claims that plaintiff's allegation concerning the denial of the within-grade salary increase was untimely because plaintiff failed to raise the matter with an EEO counselor within 30 days of the decision to deny her the salary increase. This contention is not supported by the record. Plaintiff brought the matter to the attention of a counselor in a timely fashion.

On October 14, 1983, the plaintiff learned that she was denied a within-grade salary increase. She timely requested reconsideration of that denial on October 28, 1983. On January 26, 1984, plaintiff met with John Marshall, the Director of the National Center for Health Services Research, in part to discuss the denial of the salary increase and Marshall's delay in responding to the plaintiff's request for reconsideration.

The plaintiff initiated EEO counseling with Ms. Angie High on January 27, 1984. This counseling continued until March 5, 1984. On February 17, 1984, Marshall responded to the request for reconsideration by affirming the denial of the within-grade salary increase. In her Final EEO Counseling Report, under a column entitled "Matter Causing Complaint," High checked the box marked "pay," checked the box marked "other," and typed in "denial of w/in grade." An intake officer subsequently reported in a memo that High told him that "complainant had brought up the denial of the within-grade and its effects on her pay...." High apparently further commented that she considered this allegation to be background information.

Under 29 C.F.R. § 1613.214(a)(1)(i), a complainant must bring "to the attention of the Equal Employment Opportunity Counselor" the matter causing complaint within thirty days of the allegedly discriminatory event. Indisputably, the plaintiff brought the denial of a within-grade pay increase to the attention of High. High recorded it as a "matter causing complaint" and stated that plaintiff had brought it to her attention. This is all that is required under the law.

Nevertheless, the Department argues that plaintiff should have made it more clear that she was raising the within-grade increase as an "issue." Nothing in the regulations supports such a theory. Once a complainant mentions a matter to her counselor, that suffices under the applicable regulations. Complainants are not required to articulate their claims artfully or with the degree of specificity desired by the Department. *See, e.g., Young v. National Center for Health Services Research,* 828 F.2d 235, 238 (4th Cir.1987).

Plaintiff brought the matter to High's attention during counseling which continued from January 27, 1984, to March 5, 1984. Counseling occurred during the pendency of plaintiff's request for reconsideration and continued through February 17th, when the reconsideration decision was handed down. The Department concedes that the denial of the within-grade

increase was not final until Marshall issued his reconsideration decision of February 17th and, thus, plaintiff was not required to see a counselor within 30 days of October 14, 1983. However, the Department asserts that plaintiff was required to explicitly renew her allegation with respect to the within-grade increase once Marshall issued his final decision. This Court does not agree. The Department's theory contravenes judicial policy articulated with respect to discrimination actions:

> Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme, courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act. Consequently, courts confronted with procedural ambiguities ... have, with virtual unanimity, resolved them in favor of the complaining party.

*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–1 (5th Cir.1970).

Plaintiff had already brought the denial of the within-grade pay increase to the attention of her EEO counselor. While plaintiff was in counseling, Marshall was delaying in acting on her request for reconsideration. The day before counseling began, plaintiff had complained about this delay. Relevant agency officials had noticed that plaintiff considered the denial to be discriminatory and was upset about the delay in reconsideration. *Cf. Young*, 828 F.2d at 238, n.*. The reconsideration decision was not only "like or related" to the October denial of the increase and delay in reconsideration, it covered exactly the same subject matter. *See Sanchez v. Standard Brands, Inc.* 431 F.2d 455, 466 (5th Cir. 1970); *see also Turner v. Orr*, 804 F.2d 1223, 1226 (11th Cir.1986) (complaint may include new discriminatory acts occurring during pendency of investigation by EEO counselor).

To require plaintiff to complain again to her counselor specifically about the affirmance of the denial of the pay increase would be superfluous, merely creating one more needless trap for the unwary lay employee. It is sufficient that the EEO counselor knew of the denial and that the final decision on that issue was received by the plaintiff during counseling. Accordingly, this Court reverses the Department's decision to reject the pay increase issue as untimely and remands to the Department for full investigation pursuant to 29 C.F.R. § 1613.216.

In granting this remand, the Court feels compelled to note that it is at a loss to see why remand is meaningful to the plaintiff in light of the history of her discrimination claim. The Department has unjustifiably rejected her salary claim, has completely ignored many of her other claims, has failed to process the pen throwing incident for four years, and has tied her up in federal appellate litigation, all in a manner designed to frustrate a hearing on the merits. It is unclear why plaintiff would wish to proceed in the forum of a Department which has thwarted her at every turn. Despite this note of skepticism, the Court will grant the relief plaintiff seeks and remand all of her claims to the Department.

Because this Court is remanding to the Department those of the plaintiff's allegations of discriminatory conduct which the Department failed to address and that which the Department wrongfully rejected, this Court need not consider the alternative relief requested by plaintiff in the form of a writ of mandamus.

For all of the foregoing reasons, the plaintiff's motion for remand is hereby GRANTED in its entirety. The plaintiff's petition for writ of mandamus is hereby DENIED as moot.