**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DWIGHT C. BROWN,
Plaintiff-Appellant,

v.

RICHARD DANZIG, United States
Secretary of the Navy,

                    No. 99-1652

Defendant-Appellee,

and

JOHN H. DALTON, Secretary,
Department of the Navy,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-98-1466-AM)

Submitted: August 24, 1999

Decided: September 20, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dwight C. Brown, Appellant Pro Se. Leslie Bonner McClendon,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwight C. Brown appeals the order of the district court entering judgment in favor of the Secretary of the Navy and denying Brown's employment discrimination claim filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e - 2000e-17 (West 1994 & Supp. 1999). Finding no error, we affirm.

Brown first claims that the district court erred in denying his claim of retaliatory discharge. We find no error because the evidence clearly established that Brown's termination was based on his numerous unauthorized absences, and not because of any protected activity. See Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994).

Brown next claims error in the district court's refusal to consider his claims of race and gender based discrimination. In order for a federal employee to proceed on a claim of discrimination under Title VII, he must first exhaust his administrative remedies. See Young v. National Ctr. for Health Servs. Research, 828 F.2d 235, 237 (4th Cir. 1987). Brown was required to file a formal complaint within fifteen days of his final counseling session with his EEO counselor. See 29 C.F.R. § 1614.107 (1999). It is uncontradicted that he failed to do so. Because Brown has failed to administratively exhaust his claims of gender or race discrimination below, he is barred from litigating those matters in the federal courts.

We accordingly affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED