**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BENNIE NORMAN,
Plaintiff-Appellant,

v.

No. 99-1231

ROBERT RUBIN, in his capacity as
Secretary of the Treasury,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-98-994)

Submitted: August 31, 1999

Decided: September 22, 1999

Before HAMILTON, LUTTIG, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David A. Branch, LAW OFFICES OF DAVID A. BRANCH, Wash-
ington, D.C., for Appellant. Helen F. Fahey, United States Attorney,
Arthur E. Peabody, Jr., Assistant United States Attorney, Alexandria,
Virginia; Joseph Liberta, OFFICE OF THE ASSISTANT CHIEF
COUNSEL, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Bennie Norman appeals from the district court's orders granting summary judgment in favor of the Defendant in her employment discrimination action and denying her motion for reconsideration. Norman, a retired former Mail Administrator/Supervisor of the Mail Division of the United States Customs Service, Dulles International Airport, filed the underlying action alleging that the Secretary of the Treasury, by his agents, had discriminated against her on the basis of her race, age, and gender in personnel actions from 1990 through 1995, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 1999), and the Age Discrimination in Employment Act, 29 U.S.C.A.§§ 621-634 (West 1998 & Supp. 1999). On appeal, Norman argues that the district court erred in: (1) concluding that her complaint based on the Agency's failure to upgrade her position was untimely; (2) finding that Norman failed to state a claim for retaliation based on the Agency's refusal to upgrade her position or hire her for a position for which Norman was determined to be the best qualified applicant; and (3) refusing to apply the doctrine of equitable tolling as to a selection challenged by Norman which was not opened under a vacancy announcement, filled competitively, or announced until several months after the selection was made. We affirm.

Norman first argues that the district court erred in determining that her claim regarding the failure of the Agency to upgrade her position following a desk audit* was untimely filed. Norman requested the

_____

\*"In a desk audit, a Personnel Specialist interviews the employee and his/her supervisor and determines (1) whether the employee's job description accurately depicts the work performed by the employee, and (2) whether the job is classified at the proper GS level." Dollis v. Rubin, 77 F.3d 777, 779 (5th Cir. 1995).

2

desk audit in December 1993. In June 1994, the desk auditor met with Norman and her supervisor to conduct the desk audit. The auditor suggested that Norman's position be upgraded to a GS-12 supervisory customs inspector position. Norman's supervisor refused.

We find that the district court properly determined that Norman's December 1995, EEO complaint was untimely as to the June 1994 statement by her supervisor that he would not upgrade her position. As the district court determined, Norman knew of the alleged discriminatory act or was at least "on notice" of the discriminatory act in June 1994, and it is from that date that she had forty-five days to consult an EEO counselor. See 29 C.F.R. § 1614.105(a)(1) (1998).

Although Norman received official notification of the result of the desk audit in March 1995, she took no further action. Notably, in her second EEO complaint in April 1995, Norman did not mention the desk audit. If March 1995 were the date on which Norman became aware of the alleged discriminatory act concerning the failure to upgrade her position following the desk audit, she had forty-five days after then to consult an EEO counselor. See Young v. National Ctr. for Health Servs. Research, 828 F.2d 235, 237 (4th Cir. 1987). Because Norman did not challenge the decisions not to upgrade her position within forty-five days of the alleged discriminatory action, she failed to timely present her claims. Accordingly, we affirm the district court's decision that the claims were time-barred. See Saunders v. Stone, 758 F. Supp. 1143, 1145 (E.D. Va.), aff'd, 948 F.2d 1282 (4th Cir. 1991); Woodard v. Lehman, 717 F.2d 909, 913-16 (4th Cir. 1983).

Norman next argues that the district court erred in granting summary judgment for the Defendant on her retaliation claims. To prove a prima facie case of retaliation, Norman was required to show that: (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) there is a causal connection between the protected activity and the adverse employment action. See Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989).

Norman engaged in protected activity--the filing of an EEO complaint--in January 1995. She was subjected to an adverse

3

employment decision--the refusal to upgrade her position following the desk audit. However, as to the third element of proof of a case of retaliation--that there be a causal connection--we find that the district court properly found this lacking. Norman's supervisor refused to upgrade her position in June 1994-- before she filed her EEO complaint. The fact that she later received official notification does not support a causal relationship between the denial of an upgrade and Norman's January filing of the complaint. See Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1998) (mere proximity in time of filing of complaint and adverse decision does not provide a prima facie case); see also Johnson v. Town of Elizabethtown, 800 F.2d 404, 406-07 (4th Cir. 1986) (conjecture insufficient to support causation).

Norman also asserts that the district court improperly granted summary judgment on her claim that her non-selection for the supervisor of fines and penalties position was in retaliation for her having filed the EEO complaints. The Agency announced a vacancy in April 1996. Norman and one other person applied for the position. Norman asserts that she was the "best qualified." The Agency later canceled the vacancy, determining that neither applicant was suitable for the position. The Agency subsequently filled the position non-competitively with a white female.

We agree with the district court's determination that Norman met her burden of establishing a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Thus, the burden shifted to the Defendant to advance a legitimate, non-discriminatory reason for its decision. Defendant's affidavits asserting that Norman did not have the supervisory skills or communication skills required for the job is such a non-discriminatory reason. Norman therefore had the burden of proving that the Defendant's asserted reason was pretext and that the action was motivated by discrimination. See id. at 802-04; St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993). Norman presented no evidence to show that Defendant's reasons for withdrawing the vacancy announcement were other than those stated. While she alleged other incidents in which she and other African Americans were not promoted for positions and several incidents in which positions were filled without announcing the vacancy, Norman failed to show that she or the other applicants were

4

qualified for the positions or that the reasons they were not hired were discriminatory. See Holmes v. Bevilacqua, 794 F.2d 142, 147 (4th Cir. 1986) (plaintiff must show "some evidence that race was a determining factor in the employer's decision"). Her mere speculation is insufficient, see Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988), and the district court properly granted summary judgment on this issue.

The final claim of retaliation that Norman asserts in her brief is that she was required to permanently supervise an employee at the same grade level as she. However, she failed to present any argument on this issue. The issue is therefore waived. See Fed. R. App. P. 28(a)(9)(A); Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996); Cades v. H & R Block, Inc., 43 F.3d 869, 876 (4th Cir. 1994).

Lastly, Norman contends that the district court should have applied the doctrine of equitable tolling to her claim concerning the selection of Harold Zagar for the supervisory customs inspector position. Equitable tolling may excuse a plaintiff's untimely filing of an EEOC charge if the employer engaged in some misconduct or "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987); see Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

Norman asserts that she applied for a supervisory customs inspector position through a rating system which ranked candidates for such positions. A position became available and, without announcing the vacancy or conducting interviews, the Agency filled the position in September 1994, with Zagar, a white male. Further, Norman asserts that she did not learn that Zagar had been hired for the position until January 1995, because she had been excused from staff meetings because of the Christmas mail rush.

In a footnote, the district court stated that Norman had the burden of proving that she was absent from the meetings, and that "her affidavit alone is insufficient to withstand a summary judgment challenge on this issue." (J.A. at 39 n.6 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986))). This is an incorrect statement. A party's

5

affidavit may be sufficient to prove existence of genuine issue of material fact. See Fed. R. Civ. P. 56.

The district court's refusal to apply equitable tolling in this case was not based on the fact that Norman presented only her affidavit to show that she first became aware of Zagar's position in January 1995. Rather, the court found that Norman's allegations were insufficient to state a claim of discrimination; therefore, application of the doctrine of equitable tolling was not justified. Norman's claim was that the Defendant failed to post the vacancy and failed to hire her or another African-American female for the position. However, Norman failed to show that she was qualified for the position or that these facts constitute discrimination.

Moreover, the Agency presented the deposition testimony of William Green, who stated that Zagar's selection for the position was the result of a hardship transfer request by which Zagar transferred from a GS-12 supervisory position in Miami to the Dulles area to enable him to obtain better educational services for his autistic son. Such hardship transfers are frequently accomplished without announcement of the vacancies or a competitive process.

Because Norman failed to show that the Defendant engaged in some misconduct or "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action," with respect to the transfer of Zagar to the supervisory customs inspector position at Dulles, we find that the district court properly refused to apply equitable tolling to Norman's claim of discrimination in this selection. See English, 828 F.2d at 1049.

In conclusion, we affirm the district court's orders granting summary judgment for Defendant and denying Norman's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6