**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

CHRISTY D. CONKLE,

      Plaintiff - Appellant,

v.

JOHN E. POTTER, [*] Postmaster
General United States Postal Service
Agency,

      Defendant - Appellee.

No. 01-6352
(D.C. No. CIV-01-299-L)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT** [**]

_____

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), John E. Potter is substituted for
William J. Henderson as appellee in this action.

[**]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Christy D. Conkle appeals from the district court's order dismissing her discrimination claims against her former employer, the United States Post Service (USPS). Ms. Conkle filed suit in district court after receiving a final decision from the Equal Employment Opportunity Commission (EEOC) affirming the USPS's dismissal of a grievance she filed in 1999. That final decision included a right-to-sue provision allowing Ms. Conkle ninety days to file a civil action in federal court. Unfortunately, she did not mention the EEOC decision letter to the district court or provide a copy of the letter. The district court dismissed her claims in large part because she failed to demonstrate exhaustion of administrative remedies, which could have been shown by Ms. Conkle's receipt of a right-to-sue letter.

We have jurisdiction over this appeal by virtue of 29 U.S.C. § 1291, and we review the district court's dismissal *de novo*. *See Wyoming v. United States*, 279 F.3d 1214, 1222 (10th Cir. 2002). Although Ms. Conkle has now demonstrated that she exhausted her administrative remedies with respect to the 1999 grievance, we are compelled to affirm the district court's court dismissal of her claims. After a review of the record in light of the applicable law, we

conclude that, despite the recent right-to-sue letter, Ms. Conkle's complaint is untimely.

Ms. Conkle was suspended from employment with the USPS effective August 8, 1996, pending outcome of a criminal charge against her. She pleaded *nolo contendere* to the charge and subsequently received a Notice of Removal from the USPS, dated December 16, 1996, stating that her removal would be effective thirty days after Ms. Conkle's receipt of the notice. The notice explained the reasons for her removal and advised Ms. Conkle that she had fourteen days to file a grievance. Ms. Conkle apparently pursued the matter with her union, [1] but did not file a grievance with the Equal Employment Opportunity office of the USPS until March of 1997. The USPS denied the grievance as untimely, and that decision was upheld on appeal to the EEOC. Ms. Conkle did not seek reconsideration by the EEOC or file suit in federal court, although the notice of decision advised her of those rights.

Despite the 1996 Notice of Removal, Ms. Conkle's formal separation from the USPS was not processed until late 1999, after both her EEOC complaint and her union grievance were resolved. The USPS sent Ms. Conkle a letter dated October 26, 1999, stating that her separation was effective October 22, 1999, and

---

[1] Ms. Conkle has attached to her opening brief a letter from the National Association of Letter Carriers with the heading "Notice of Step 3 Decision," denying a grievance she filed.

advising her of her rights in connection with unemployment, annual leave accumulations, and retirement deductions. The letter did not state that Ms. Conkle was entitled to file a grievance challenging her separation.

Nonetheless, on December 12, 1999, Ms. Conkle filed a second grievance challenging her termination from the USPS, making essentially the same allegations as in her 1997 grievance. [2] The USPS denied the grievance as duplicative of the earlier one; the EEOC upheld that decision on appeal and denied reconsideration. The EEOC's final letter, dated November 27, 2000, advised Ms. Conkle that she had ninety days to file a civil action. Within that time period, she instituted the present suit.

It is well settled that federal employees must exhaust their administrative remedies before filing suit in federal court for employment discrimination. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). The first step of that process requires federal employees who believe they have been discriminated against on the basis of gender to initiate contact with an Equal Employment Opportunity

---

[2]     In this grievance, Ms. Conkle did note an additional basis for her allegations of discrimination by checking a box marked "retaliation" and writing the number of her 1996 grievance about the work injury next to the box. However, Ms. Conkle made no actual allegations of retaliation in the grievance. Further, although she mentioned her retaliation claim in conclusory fashion on appeal, she did not argue retaliation for the 1996 grievance in her complaint. This court generally does not consider arguments not presented to the district court. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

counselor. 29 C.F.R. § 1614.105. If counseling fails to resolve the matter, a federal employee may file a formal complaint with their employing agency. *See id.* § 1614.106. "It is also settled that the applicable administrative deadlines run from the time of the discriminatory act, not from the time of a later, inevitable consequence of that act." *Young v. Nat'l Ctr. for Health Servs. Research*, 828 F.2d 235, 237 (4th Cir. 1987) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250 (1980)). Here, the discriminatory act was Ms. Conkle's termination of employment with the USPS, of which Ms. Conkle had notice in 1996. The later, formal, separation in 1999 was a "delayed, but inevitable consequence" of that termination. *Ricks*, 449 U.S. at 257-58.

Ms. Conkle contends that her employment with the USPS did not end until October 26, 1999, based on a lump sum payment made upon her formal separation from USPS employment. She appears to be arguing that this final payment somehow extends the discriminatory action of her termination to that date. This argument lacks merit because "'[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.'" *Mascheroni v. Bd. of Regents of Univ. of Calif.*, 28 F.3d 1554, 1561 (10th Cir. 1994) (quoting *Ricks*, 449 U.S. at 257). The act of discrimination Ms. Conkle complains of occurred on the effective date of the Notice of Removal, dated December 16, 1996. She has identified no other, later, discriminatory act

that would suggest a continuing violation theory. *See id*. Similarly, the record suggests no basis for equitable tolling of the applicable time periods. *See id.* at 1562. Accordingly, her 1999 grievance was several years outside the time frame allowed for Ms. Conkle to begin exhausting her administrative remedies on this claim. [3]

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED; plaintiff's Motion to Supplement Brief is DENIED.

Entered for the Court


Robert H. Henry
Circuit Judge

---

[3] Additionally, Ms. Conkle moves this court to supplement her opening brief with arguments and theories not raised to the district court. We decline to address these issues, *see Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).