**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1120

SUBHASCHANDRA G. MALGHAN,

Plaintiff - Appellant,

versus

DONALD L. EVANS, Secretary, Department of
Commerce,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CA-
02-2993-DKC-8)

Submitted: August 30, 2004      Decided: December 22, 2004

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sol Z. Rosen, Washington, D.C., for Appellant. Thomas M. DiBiagio,
United States Attorney, Kristine L. Sendek-Smith, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Subhaschandra G. Malghan appeals from the district court's order granting summary judgment in favor of Donald L. Evans, Secretary of the United States Department of Commerce, and dismissing his employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (2000). Malghan alleges that the Agency unlawfully discriminated and retaliated against him on the basis of his race, color, national origin, and gender when he was not selected for certain positions within the National Institute of Standards and Technology, United States Department of Commerce ("NIST" or "the Agency"), and when he allegedly suffered a hostile work environment and constructive discharge.

Our review of the record and the district court's opinion discloses that this appeal is without merit. We find that, while Malghan established a prima facie case of discrimination, he failed to rebut the legitimate, nondiscriminatory reason the Agency proffered to support its decision to select the other candidate for the position of Deputy Director of the Agency. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991). Specifically, affidavits and supporting documentation established that the Agency relied on rank-ordering of candidates by a review panel, based on reviews of documentation and subjective

- 2 -

interviews during which all candidates were presented with the same questions and rated individually on their answers. Both Malghan and Collins, the candidate ultimately selected, were qualified for the Deputy Director position. However, the tally of the scores placed Collins above Malghan, and Kayser, the individual making the final decision, attested that his decision to offer the position to Collins was based on the panel's scoring and his perception that, based upon her many qualifications, which we will not reiterate here, she was the best candidate for the position. See Evans v. Technologies Applications & Serv., Co., 80 F.3d 954, 960 (4th Cir. 1996) (citing Burdine, 450 U.S. at 258-59) (relative employee qualifications recognized widely as valid, non-discriminatory basis for adverse employment decision).[1]

_____

[1]Malghan's self-serving contention that the selection process was manipulated to favor Collins properly was discounted by the district court as having no viable evidentiary support. His assertion of bias against him by one panel member and lack of qualification of two other panel members to sit on the panel were not supported by any evidence other than his own contention. His complaint that he was not given credit for his Executive Core Qualifications ("ECQs") is unavailing as he was treated equally with the other in-house candidates and given full credit for his ECQs by virtue of his status within the Agency. His contention that Collins should have been disqualified because her application exceeded the page restriction on ECQs was countered by one of the Agency's affidavits that provided that there is no requirement or practice by the office to disqualify an application for that reason. His claim that the selection process was manipulated to favor Collins also had no evidentiary support, and was controverted by Kayser's declaration. Malghan's claim that the scores were manipulated, as evidenced by notes of a panel member showing that Malghan's and Collins' scores were "scratched and altered" is of no moment without evidence as to the reason for such alteration. The panel member provided an affidavit stating that the process used to

In addition, we find that Malghan's evidence supporting his contention that he was the more qualified candidate consisted solely of his own, self-serving and conclusory affidavit, which is insufficient as a matter of law to counter substantial evidence of legitimate, non-discriminatory reasons for an adverse employment action and to stave off summary judgment.[2]  Williams v. Cerberonics, Inc., 871 F.2d 452, 456 (4th Cir. 1989).  Moreover, while Malghan complains he possessed superior qualifications, his perception of himself, without evidence to support it, is not relevant.  Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980).  Rather, it is the perception of the decision maker that is relevant to the determination of whether discrimination in the selection process occurred.  Evans, 80 F.3d at 960-61.[3]

Courts do not sit as super personnel departments second guessing an employer's perceptions of an employee's qualifications.

choose the Deputy Director was "clean and free of discrimination."

[2]As noted by the district court, the other three declarations submitted by Malghan in support of his assertion that he was the more qualified candidate for the job were not properly before the district court for consideration as they were filed electronically and without signatures.  See Electronic Filing Requirements and Procedures, U.S. District Court for the District of Maryland, Feb. 10, 2003 at 32.

[3]In a related claim, Malghan alleges that Collins was scored higher and ultimately selected because she was pre-selected by Kayser.  Even if the use of a selection panel was a pretext to carry out Kayser's preselection of Collins for the position, this action does not establish discrimination.  See Blue v. United States Dep't of Army, 914 F.2d 525, 541 (4th Cir. 1990).

- 4 -

Smith v. University of N. Carolina, 632 F.2d 316, 346 (4th Cir. 1980). The law does not require an employer to make, in the first instance, employment choices that are wise, rational, or even well-considered, as long as they are nondiscriminatory. Powell v. Syracuse Univ., 580 F.2d 1150, 1156-57 (2d Cir. 1978). We find that there is no evidence that either the panel who scored the candidates or Kayser were motivated by any desire other than to select the candidate they felt was the best suited for the position. That Malghan also was well-qualified for the position does not establish discrimination by the Agency in its selection of another well-qualified individual for the position for which Malghan applied. Because the Agency set forth legitimate, nondiscriminatory reasons for choosing Collins for the position at issue rather than Malghan, and Malghan failed to promulgate evidence on which a reasonable jury could find that the proffered reasons were a pretext for discrimination, we find that the district court did not improvidently grant summary judgment to the Agency on Malghan's discrimination claims.

Malghan next asserts on appeal that the district court abused its discretion in denying him pretrial discovery of relevant records and witnesses, thereby violating both his right to discovery and his Sixth Amendment rights. Malghan's attorney filed a declaration pursuant to Fed. R. Civ. P. 56(f) seeking a stay to allow him the opportunity to depose Agency officials and secure

"appropriate government documents," but it did not particularly specify legitimate needs and how, if such needs were met, summary judgment would have been precluded. Malghan failed to make clear what information he sought, offered no supporting facts, and instead made only generalized statements regarding the need for more discovery. This was insufficient. <u>See</u>, <u>e.g.</u>, <u>Nguyen v. CNA Corp.</u>, 44 F.3d 234, 242 (4th Cir. 1995). Because Malghan failed to demonstrate that additional discovery would aid in rebutting NIST's legitimate reason for selecting another candidate, we agree with the district court that the Rule 56(f) affidavit was insufficient to postpone ruling on the summary judgment motion, and find that the district court did not abuse its discretion in denying Malghan's request for discovery. Moreover, the district court's decision to deny his discovery request did not violate Malghan's Sixth Amendment rights as the confrontation clause is not applicable to civil cases. <u>Austin v. United States</u>, 509 U.S. 602, 608 n.4 (1993); <u>Ferguson v. Gathright</u>, 485 F.2d 504, 506 n.3 (4th Cir. 1973). <u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614 (1991), and <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004), do not support his position that a plaintiff in an employment discrimination civil suit is constitutionally guaranteed the right to confrontation through pre-trial discovery.[4]

---

[4]Nor do we find merit to Malghan's claim that he was denied the right to a trial <u>de</u> <u>novo</u>. The record reflects that the district court thoroughly reviewed and considered the entire record

- 6 -

Malghan also challenges the district court's determination that the acts he complained of, specifically, 1998-2000 non-selection, constructive discharge, and hostile work environment claims, were individual "discrete" actions which the court was precluded from considering because of Malghan's failure to exhaust administrative remedies. We find without difficulty that the district court correctly dismissed these claims for failure to exhaust administrative remedies, as he is not saved from his failure to administratively present his claims by the continuing violations doctrine. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (termination and failure to promote acts are discrete acts requiring exhaustion); see also Young v. National Ctr. for Health Serv. Research, 828 F.2d 235, 237-38 (4th Cir. 1987) (constructive discharge is a discrete discriminatory act requiring administrative exhaustion). Moreover, because Malghan's failure to select and discharge claims were discrete acts, he cannot salvage them by labeling them part of a hostile work environment claim. As the district court found, Malghan's failure to raise any act or behavior of the Agency that is part of a hostile work environment claim during the statutory period is fatal to his claim, and we find proper the district court's dismissal of his claims regarding 1998-2000 non-selection, constructive discharge, and hostile work environment.

_____

de novo prior to granting summary judgment.

- 7 -

Malghan's final challenge on appeal is to the district court's decision that his retaliation claim failed as a matter of law because Malghan failed to show any adverse employment action, a necessary element of his prima facie case. See Von Guten v. Maryland, 243 F.3d 858, 863 (4th Cir. 2001).[5] We agree with the district court that Malghan failed to show any adverse employment action. While Malghan alleges that the Agency informed his new employer of his having filed an employment discrimination civil rights action, he has neither alleged nor proven that the act resulted in any adverse effect on the terms, conditions, or benefits of his employment, a prerequisite to a finding of liability for retaliation under Title VII. Id. at 869-70.[6] The district court properly dismissed Malghan's retaliation claim.

---

[5]The statutory protection of § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), extends to Malghan as a former employee of the Agency. Robinson v. Shell Oil Co., 519 U.S. 337, 338, 346 (1997).

[6]Malghan's assertion on appeal that the Supreme Court in Robinson v. Shell Oil Co., 519 U.S. 337 (1997), held that no adverse employment action is necessary to a finding of actionable retaliation is ludicrous and intellectually dishonest, as the findings of the Supreme Court in Robinson were limited solely to the issue of whether the provisions of Section 704(a) apply to former employees as well as to current employees. Id. at 346. The decision in Robinson did not disturb the law in this Circuit holding that an adverse employment action is required as part of the prima facie case of retaliation under Title VII.

Accordingly, we affirm the district court's order granting the Agency's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED